**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.   Case No. 3:20-cr-69-J-34PDB

ANTHONY GRIER

**O R D E R**

**THIS CAUSE** is before the Court on Defendant Anthony Grier's Motion to Dismiss Indictment (Doc. 15; Motion), filed on June 18, 2020.[1]  In the Motion, Grier initially sought dismissal of the one-count Indictment (Grier 2020 Doc. 1) filed on May 20, 2020, in which the United States charged Grier with possessing a prohibited object while being an inmate in a facility housing federal prisoners.  The United States filed a response in opposition to the Motion on July 2, 2020.  See Response in Opposition to Motion to Dismiss Indictment (Grier 2020 Doc. 17; Response).  Thereafter, the grand jury returned a Superseding Indictment which added an additional count charging Grier with possessing a controlled substance with the intent to distribute that substance.  See Superseding Indictment (Grier 2020 Doc. 18), filed July 8, 2020.  Following a status conference, on July 20, 2020, Grier filed Defendant's Unopposed Motion to Apply Motion to Dismiss Original Indictment to Count One of Superseding Indictment (Grier 2020 Doc. 23; Motion to Apply).  Grier explained that because Count One of the Superseding Indictment is identical to Count One of the original Indictment, the Court should apply the arguments raised in the Motion to

---

[1] As discussed below, Grier also has a previous federal criminal case.  In this Order, the Court will refer to this case as "Grier 2020" and his prior federal criminal case, United States v. Anthony Grier, Case No. 3:17-cr-72-J-39JRK, as "Grier 2017."

Count One of the Superseding Indictment.  See Motion to Apply at 1-2.  The United States filed a response on July 21, 2020, in which it stated its consent to the relief requested in the Motion to Apply and confirmed its intention to rely on the same facts and arguments previously set forth in the Response.  See United States' Response to Defendant's Unopposed Motion to Apply Motion to Dismiss Original Indictment to Count One of Superseding Indictment (Grier 2020 Doc. 24).  On July 21, 2020, the Court entered an Endorsed Order (Grier 2020 Doc. 27) granting Grier's Motion to Apply.  Accordingly, the Motion, as now applied to Count One of the Superseding Indictment, is ripe for review.

**I.     Factual Background & Indictment**

The Court recites the facts as set forth in the Motion as the history of Grier's custody is not in dispute.  Compare Motion at 2-3 and Response at 2-3.  While Grier was on supervised release stemming from the Grier 2017 conviction, the Jacksonville Sheriff's Office arrested Grier and charged him with various violations of state law.  As a consequence of the state charges, the United States Probation Office filed a petition in the Grier 2017 case charging Grier with violating the terms of his supervised release.  See Grier 2017 Doc. 27.  Before appearing in federal court to address the supervised release violations, Grier pled guilty in state court to Aggravated Fleeing or Attempting to Elude a Law Enforcement Officer and Possession of Cocaine, and on September 19, 2019, a state court judge sentenced him to 15 months in state prison.  See Motion at 2.  The Florida Department of Corrections received Grier into its custody on October 7, 2019.  See id.  On October 23, 2019, a United States Magistrate Judge issued a Writ of Habeas Corpus Ad Prosequendum based upon the alleged violations of Grier's federal supervised release in the Grier 2017 criminal case.  See Grier 2017 Doc. 34.  Once he made his initial

appearance in federal court and for the duration of the federal proceedings related to the violation of his supervised release, the United States Marshals Service housed Grier at the Nassau County Jail.  See Motion at 2-3.  Ultimately, a federal judge revoked Grier's supervised release on January 21, 2020, and sentenced him to seven months in prison to be served consecutive to his state sentence.  See Judgment of Revocation (Grier 2017 Doc. 48).  On February 11, 2020, while housed at the Nassau County Jail waiting to return to the Florida Department of Corrections, Grier allegedly possessed marijuana, prompting the filing of the Grier 2020 criminal case.  See Superseding Indictment at 1.

In Count One of the Superseding Indictment, the United States charges Grier with possessing a prohibited object while an inmate of "a detention facility that houses federal pretrial detainees pursuant to a contract and agreement with the Attorney General," in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(3).  See id.  Specifically, the Superseding Indictment alleges that, on or about February 11, 2020, while Grier was an inmate at the Nassau County Jail, he possessed marijuana.  See id.  Title 18 U.S.C. § 1791(a)(2) and (b)(3) provide that whoever "being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object" shall serve "imprisonment for not more than 5 years, . . . if the object is specified in subsection (d)(1)(B) of this section." 18 U.S.C. §§ 1791(a)(2) and (b)(3).  Sub-section (d)(1)(B) of § 1791 provides the definition of a prohibited object which includes "marijuana or a controlled substance."  18 U.S.C. § 1791(d)(1)(B).  And relevant to the instant Motion, § 1791(d)(4) defines the word "prison" as "a Federal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General." 18 U.S.C. § 1791(d)(4).

**II.     Discussion**

In the Motion, Grier seeks dismissal of Count One of the Superseding Indictment based upon his contention that the Court lacks jurisdiction to prosecute him for a violation of 18 U.S.C. § 1791.  See Motion at 4.  In support, Grier argues that because he was in state, not federal, custody when he allegedly possessed marijuana § 1791 provides no jurisdictional basis to prosecute him. Id. at 4.  Grier reasons that on the date he allegedly possessed marijuana, he was serving the 15-month sentence imposed in State of Florida v. Grier and was at the Nassau County Jail following the Writ of Habeas Corpus Ad Prosequendum issued by the federal court on October 23, 2019.  Id.  Grier contends that he was not in federal custody while he was at the Nassau County Jail, but rather remained in state custody and "on loan" to federal authorities.  See Motion at 5-6 (citing Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978); United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (noting that the federal writ of habeas corpus ad prosequendum merely loans the prisoner to federal authorities and the sending jurisdiction does not relinquish control of the prisoner); United States v. Kelly, 661 F.3d 682, 686 (1st Cir. 2011) (same)).  Because Grier was still serving his original state sentence on February 11, 2020, when he allegedly possessed marijuana at the Nassau County Jail, Grier contends that he was not in federal custody so there is no jurisdiction for the Superseding Indictment.   In the Response, the government maintains that as an inmate of Nassau County Jail, Grier was an inmate of a "prison" according to the statutory definition of the term set forth in 18 U.S.C. § 1791, and therefore, the charges against him are proper.

As a preliminary matter, the Court finds Defendant's challenge to its jurisdiction to be unavailing.  In Title 18 United States Code § 3231, Congress authorized the district

4

courts to try "all offenses against the laws of the United States." 18 U.S.C. § 3231. As such, "all that matter[s] for purposes of the district court's subject-matter jurisdiction [is] that the United States file[] an indictment charging [the defendant] with violating 'laws of the United States.'" United States v. Brown, 752 F.3d 1344, 1348 (11th Cir. 2014) (alteration adopted) (internal quotation marks omitted). "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code," the district court has the jurisdiction to hear the case. Id. at 1354. Moreover, while the omission of an element of a crime may make an indictment defective, that defect "do[es] not deprive a court of its power to adjudicate [the] case." United States v. Cotton, 535 U.S. 625, 630 (2002); Brown, 752 F.3d at 1350-51, 1353–54. Here, the United States has charged Grier with violating a federal statute, specifically 18 U.S.C. § 1791. As such, the court has jurisdiction to hear the case.

Grier's challenge based on his custodial status likely is more appropriately viewed as a challenge to the sufficiency of the charge. However, the Federal Rules of Criminal Procedure provide no such summary judgment type remedy. See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence . . . .); (quoting United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)). Rather, the "sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute." Id. Here, the Superseding Indictment does precisely that, it charges Grier with violating § 1791 in the language of § 1791.

5

Grier's Motion is further due to be denied because his interpretation of § 1791 as requiring that he be held in federal custody in order to violate the statute is in error. Whether Grier was in state custody or federal custody is not what matters for purposes of alleging a violation of § 1791. What matters is whether Grier is alleged to have been an "inmate of a prison" as the term "prison" is defined in § 1791. Notably, the statutory definition of the term "prison" in § 1791 specifically includes "any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract with the Attorney General." 18 U.S.C. § 1791(d)(4). Thus, a defendant need not be serving a federal sentence. Instead, to state a violation of § 1791 (a)(2), an indictment need only allege that the defendant was an inmate of a facility that houses federal prisoners under the authority of the Attorney General.

Pursuant to Title 18 U.S.C. § 4002, to provide "suitable quarters for the safekeeping, care, and subsistence of all persons held under authority of any enactment of Congress," the Attorney General is authorized to enter into contracts for the housing of federal prisoners. 18 U.S.C. § 4002. To accomplish this, the United States Marshals Service is authorized to contract with facilities to house federal prisoners as a delegation of authority of the Attorney General. See 28 U.S.C. § 561(a). Relative to Defendant's contention, in the Superseding Indictment, the United States alleges that the Nassau County Jail "houses federal pretrial detainees pursuant to a contract and agreement with the Attorney General." Therefore, the United States has alleged that the Nassau County Jail meets the definition of a prison according to 18 U.S.C. § 1791, and regardless of whether Grier was in state or federal custody while housed in the Nassau County Jail, he is alleged to have possessed

6

marijuana in that facility. This is sufficient to allege a violation of a federal criminal law, § 1791, and provide this Court with jurisdiction over this prosecution of Grier.

Other courts have similarly applied the definition of prison as set forth in 18 U.S.C. § 1791. In United States v. Kemp, 740 F. App'x 636, 637 (10th Cir. 2018), the Tenth Circuit Court of Appeals affirmed a conviction for possession of a weapon under § 1791 where the defendant was held in a privately run facility that contracted with a delegate of the Attorney General, and as such, fell within the statutory definition of a prison. In another case, the defendant appealed his conviction for possession of prohibited items where he was in custody in a prison in the Virgin Islands. United States v. Hendrickson, 949 F.3d 95, 97 (3d Cir. 2020). While held on territorial charges in a facility that housed both federal and territorial offenders and contracted with the United States Marshals Service, the defendant possessed a cellular phone. Id. at 102. Although the defendant was not in federal custody, the Third Circuit upheld the conviction because the term prison in 18 U.S.C. § 1791 "does not require the defendant to be detained pursuant to federal charges or to be detained in a federal facility. Rather, the defendant need only be detained in a facility in which federal prisoners are held." Id. at 100-01. In reaching its conclusion in Hendrickson, the Third Circuit also examined earlier versions of § 1791(d)(4) which, prior to 2006, defined a prison only as "a Federal correctional, detention, or penal facility." Id. at 100. In a 2006 amendment, Congress expanded the definition of the term "prison" by adding "or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General." Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. No. 109-162, tit. XI, § 1178, 119 Stat. 2960, 3126 (2006). The court concluded that the amendment

7

demonstrated Congress' intention to expand the reach of § 1791 beyond only federal facilities or federal prisoners.  <u>Hendrickson</u>, 949 F.3d at 101.

In this action, Grier is alleged to have been an inmate of a "detention facility that houses federal pretrial detainees pursuant to a contract and agreement with the Attorney General."  Superseding Indictment at 1.  This allegation is sufficient to place the charge within the ambit of § 1791 regardless of whether he was held in that facility under state authority or federal authority.  Accordingly, the Motion is due to be denied.

In light of the foregoing, it is

**ORDERED**:

Defendant Anthony Grier's Motion to Dismiss Indictment (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of October, 2020.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

i48
Copies to:
Counsel of Record